UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
CAPITOL RECORDS, INC., *et al.*,  )
                                              )   Case No. C06-0237RSL
                    Plaintiffs,           )
        v.                                  )
                                              )   ORDER RENOTING MOTION
SISOUDA SOYSOUVANH,        )   FOR DEFAULT JUDGMENT
                                              )
                    Defendant.         )
_____ )

This matter comes before the Court on plaintiffs' "Application for Entry of Default Judgment by the Court" pursuant to Fed. R. Civ. P. 55 and Local Civil Rule 55(b)(2). Dkt. # 13. Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability (but not allegations as to the amount of damages).  See TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to plaintiffs; (2) the merits of plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT

Federal Rules of Civil Procedure favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court has the discretion to consider plaintiffs to have met their burden of proof by the admissions of liability which accompany entry of default against defendant. However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992). The Court has the power to require additional proof of any fact alleged in the complaint "or to make an investigation of any other matter" necessary to establish liability or damages. Fed. R. Civ. P. 55(b)(2).

Having reviewed the complaint to determine if plaintiffs are entitled to the remedy sought, the Court finds that additional proof is necessary. Plaintiffs seek a finding that defendant committed eleven copyright violations by using an online media distribution system to copy and distribute copyrighted sound recordings in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. Plaintiffs' complaint does not contain any specific allegations regarding the number of copies made or distributed by defendant. Paragraph 12 of the complaint asserts that plaintiffs are the owners or licensees of the eleven copyrighted recordings identified in Exhibit A and of "certain of the sound recordings listed on Exhibit B." In paragraph 14, plaintiffs allege that defendant has copied and distributed the copyrighted recordings. There are no allegations regarding the number of recordings copied or distributed. Nor have plaintiffs provided sufficient evidence from which the Court could, with confidence, find the number of copyright violations. Although the eleven copyrighted recordings identified in Exhibit A each appear on the list provided as Exhibit B,[1] the latter document has not been authenticated (or even described), there is no obvious link between defendant and "anonymous_user@KaZaA," and the Court cannot

---

[1] Some of the copyrighted recordings, namely Richard Marx' "Right Here Waiting" and Avril Lavigne's "I'm With You," appear twice in Exhibit B. Although the entries may be duplicates, the Court cannot so conclude in the absence of any information regarding the origin of Exhibit B or the means by which it was generated.

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT                    -2-

simply presume that defendant copied or distributed each of the eleven recordings identified in Exhibit A.

Plaintiffs shall, within 30 days of the date of this Order, submit additional proof to support the requested finding regarding the number of copyright violations committed by defendant. Failure to do so will result in the denial of the pending motion for default judgment. The Clerk of Court is directed to renote plaintiffs' "Application for Entry of Default Judgment by the Court" on the Court's calendar for Friday, June 2, 2006.

DATED this 2nd day of May, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT                      -3-